UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-6972 CAS (PJWx) | Date | January 26, 2011 |
|---|---|---|---|
| Title | UNIVERSAL SURFACE TECHNOLOGY, INC., DBA TRENDY EMBELLISHMENT v. SAE-A TRADING AMERICA CORPORATION; ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine M. Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

| Proceedings: | **(IN CHAMBERS): DEFENDANT SAE-A TRADING CO., LTD'S MOTION TO QUASH SERVICE AND DISMISS** (filed 11/18/10) |
|---|---|
| | **DEFENDANTS SAE-A TRADING AMERICA CORPORATION'S AND OCEN, INC.'S MOTION TO DISMISS** (filed 11/19/10) |

## I. INTRODUCTION & BACKGROUND

On September 20, 2010, plaintiff Universal Surface Technology, Inc., doing business as Trendy Embellishment filed the instant action against defendants Sae-A Trading America Corporation ("Sae-A America"); Ocen, Inc. ("Ocen"); Sae-A doing business as Glovia ("Sae-A"); and Does 1 through 10.  Plaintiff's complaint alleges claims for (1) copyright infringement, 17 U.S.C. §§ 101 et seq.; (2) declaratory relief, 28 U.S.C. § 2201(a); (3) unlawful competition, Cal. Bus. & Prof. Code §§ 17200 et seq.; (4) interference with prospective economic advantage; (5) unjust enrichment; and (6) accounting.

Plaintiff alleges that Kwan Lee owns the registered copyright of "Trendy Designs." Complaint ¶ 10.  At different times, the complaint refers to plaintiff as an assignee of the rights to Trendy Designs and as an exclusive licensee.  Complaint ¶¶ 10, 16.  Plaintiff alleges that defendants have reproduced plaintiff's copyright, distributed or sold plaintiff's copyright, prepared derivative works based upon plaintiff's copyrights, and publicly displayed products which infringe on plaintiff's copyright.  Complaint ¶ 11.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-6972 CAS (PJWx) | Date | January 26, 2011 |
|---|---|---|---|
| Title | UNIVERSAL SURFACE TECHNOLOGY, INC., DBA TRENDY EMBELLISHMENT v. SAE-A TRADING AMERICA CORPORATION; ET AL. | | |

Plaintiff further alleges that defendants have infringed plaintiff's copyright with the intent of palming off their goods as plaintiff's.  Complaint ¶ 27.

On November 18, 2010, specially-appearing defendant Sae-A filed a motion to quash service and dismiss.  On November 19, 2010, defendants Sae-A America and Ocen filed a motion to dismiss.  On December 4, 2010, plaintiff filed oppositions to both motions.  On December 6, 2010, Sae-A, Sae-A America, and Ocen replied.  After carefully considering the arguments set forth by the parties, the Court finds and concludes as follows.

## II.    SAE-A'S MOTION TO QUASH SERVICE

### A.    Legal Standard

Rule 12(b)(5) of the Federal Rules of Civil Procedure authorizes a defendant to move for dismissal due to insufficient service of process. See Fed. R. Civ. P. 12(b)(5). "A federal court does not have jurisdiction over a defendant unless the defendant has been served properly [with the summons and complaint] under Fed. R. Civ. P. 4 . . . . [W]ithout substantial compliance with Rule 4 neither actual notice nor simply naming the defendant in the complaint will provide personal jurisdiction.'" Direct Mail Specialists, Inc. v. Eclat Computerized Technologies, 840 F.2d 685, 688 (9th Cir. 1988) (citations omitted); Benny v. Pipes, 799 F.2d 489, 492 (9th Cir. 1986), amended by, 807 F.2d 1514 (9th Cir. 1987); see also Miss. Publ'g Corp. v. Murphree, 326 U.S. 439, 444-45 (1946) ("[S]ervice of summons is the procedure by which a court having venue and jurisdiction of the subject matter of the suit asserts jurisdiction over the person of the party served."). Once service of process is challenged, the "plaintiff[ ] bear[s] the burden of establishing that service was valid." Brockmeyer v. May, 383 F.3d 798, 801 (9th Cir. 2004).  If the plaintiff is unable to satisfy its burden of demonstrating effective service, the court has discretion to either dismiss or retain the action. See Stevens v. Sec. Pac. Nat'l Bank, 538 F.2d 1387, 1389 (9th Cir. 1976).

### B.    Discussion

In this case, it appears that plaintiff attempted to effectuate service on Sae-A by

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-6972 CAS (PJWx) | Date | January 26, 2011 |
|---|---|---|---|
| Title | UNIVERSAL SURFACE TECHNOLOGY, INC., DBA TRENDY EMBELLISHMENT v. SAE-A TRADING AMERICA CORPORATION; ET AL. | | |

delivering and mailing copies of the summons and complaint to Catherine Strauss, identified on the proof of service as the "person authorized to accept service of process," at 2207 W. 190th Street, Torrance, CA 90504.  Declaration of David W. Quinto ("Quinto Decl.") ¶ 4; Quinto Decl., Ex. B.

Sae-A moves to quash service on the grounds that service did not comply with Fed. R. Civ. P. 4.  Sae-A Mot. at 5–6.  Sae-A argues that Strauss is the vice president of Ocen, and is not employed by Sae-A.  Id. at 4–5 (citing Declaration of Catherine Strauss ("Strauss Decl.") ¶¶ 1–2).  Accordingly, Sae-A contends that Strauss is not authorized to accept service of process on behalf of Sae-A.  Id. (citing Strauss Decl. ¶ 6; Declaration of Sue Park ¶ 6).  Sae-A asserts that as a corporation domiciled in Seoul, South Korea, service should have been made pursuant to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents ("Hague Service Convention").[1]  Id. at 5–6 (citing Fed. R. Civ. P. 4(f)(1) (service at a place not within any judicial district of the United States may be made "by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents")).  Sae-A contends that because plaintiff did not attempt to comply with the Hague Service Convention, any attempted service on Sae-A is void.  Id. at 6 (citing Volkswagenwerk, 486 U.S. at 699 ("By virtue of the Supremacy Clause, U.S. Const., Art. VI, the Convention pre-empts inconsistent methods of service prescribed by state law in all cases to which it applies.")).

Plaintiff responds that service upon Strauss was proper under Fed. R. Civ. P. 4(h)(1)(B) because Strauss is Sae-A's "managing or general agent."[2]  Opp'n to Sae-A at 7

---

[1] Sae-A asserts that the Republic of South Korea ratified the Hague Service Convention on January 13, 2000.  Sae-A Mot. at 6.  For a brief overview of the history, purpose, and application of the Hague Service Convention, see Volkswagenwerk Aktiengesellschaft v. Schlunk, 486 U.S. 694, 698–99 (1988).

[2] Rule 4(h)(1)(B) provides:

Serving a Corporation, Partnership, or Association. Unless federal law

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-6972 CAS (PJWx) | Date | January 26, 2011 |
|---|---|---|---|
| Title | UNIVERSAL SURFACE TECHNOLOGY, INC., DBA TRENDY EMBELLISHMENT v. SAE-A TRADING AMERICA CORPORATION; ET AL. | | |

(citing <u>Bridgeport Music, Inc. v. Rhyme Syndicate Music</u>, 376 F.3d 615, 624 (6th Cir. 2004); <u>Montclair Elecs., Inc. v. Electra/Midland Corp.</u>, 326 F. Supp. 839, 842 (S.D.N.Y 1971); <u>Direct Mail Specialists, Inc. v. Eclat Computerized Technologies</u>, 840 F.2d 685, 688 (9th Cir. 1988)). Plaintiff posits that Strauss is Sae-A's managing or general agent because Strauss's business card indicates that she retains a Sae-A e-mail address and the "head office" address listed on her business card matches the physical address for Sae-A's corporate headquarters in South Korea. <u>Id.</u> at 2, 8 (citing Declaration of Kwan B. Lee ("Lee Decl."), Exs. A and B). Also in support of its contention that Strauss is a Sae-A managing or general agent, plaintiff offers a printout of Strauss's LinkedIn profile, which lists her position as "Vice President West Coast at Ocen, Inc./Sae-A Trading Company." <u>Id.</u> (citing Lee Decl., Ex. C). Plaintiff also argues that Strauss provided it with a Sae-A brochure that lists the Torrance address where plaintiff purportedly served Sae-A. <u>Id.</u> at 3–8 (citing Lee Decl., Exs. E and F). Plaintiffs further assert that the fact that Sae-A appeared in this action is evidence that service upon Strauss was effective. <u>Id.</u> at 8. Finally, plaintiff argues that service was proper because when a parent and subsidiary operate as a single entity, they may be considered de facto agents for service for each other. <u>Id.</u> at 7 (citing <u>Adams v. AlliedSignal General Aviation Avionics</u>, 74 F.3d 882, 885 (8th Cir. 1996)).

---

provides otherwise or the defendant's waiver has been filed, a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served:

(1) in a judicial district of the United States:

(B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and--if the agent is one authorized by statute and the statute so requires--by also mailing a copy of each to the defendant

Fed. R. Civ. P. 4(h)(1)(B).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

0

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-6972 CAS (PJWx) | Date | January 26, 2011 |
|---|---|---|---|
| Title | UNIVERSAL SURFACE TECHNOLOGY, INC., DBA TRENDY EMBELLISHMENT v. SAE-A TRADING AMERICA CORPORATION; ET AL. | | |

Sae-A replies that the facts offered by plaintiff are insufficient to demonstrate that Strauss was an agent for service of process on Sae-A. Sae-A Reply at 1. Sae-A asserts that Strauss's business card reflects that she is an employee of Ocen, and that her LinkedIn profile does not establish that she is a managing or general agent of Sae-A. Id. Sae-A further replies that plaintiff's argument that service was effective because Sae-A appeared in the action proves too much because under plaintiff's logic, a defendant could seek dismissal only if it had never learned of the complaint. Id. Finally, Sae-A replies that Strauss is not a de facto agent for service on Sae-A because Sae-A and Ocen do not have a parent-subsidiary relationship. Id. at 3 (citing Declaration of Sue Park ¶ 5).[3]

The Court finds that Sae-A is entitled to quash on the grounds that Sae-A was not served in accordance with Fed. R. Civ. P. 4. After reviewing the record, the Court concludes that plaintiff has failed to demonstrate that Strauss is Sae-A's managing or general agent, and therefore service was not proper under Rule 4(h)(1)(B). The evidence plaintiff offers hardly establishes that Strauss is employed by Sae-A, much less that she has sufficient managerial responsibilities such that she is a proper agent for service on Sae-A. Moreover, plaintiff has put forward no evidence that Ocen is Sae-A's subsidiary and that the companies operate as a single entity. Accordingly, Ocen and Sae-A may not be considered de facto agents for service on one another. Finally, Sae-A's actual notice of the suit is irrelevant to whether plaintiff properly effected service on Sae-A. See Baade v. Price, 175 F.R.D. 403, 405 (D.D.C. 1997) ("The law is clear and mandates that there be strict compliance to Rule 4(h) and it is irrelevant whether or not defendant . . . had actual notice of the lawsuit."). Because there is reason to believe that plaintiff could serve Sae-A pursuant to Rule 4(h), the Court finds it appropriate to quash service rather than dismiss the claims against Sae-A. Stevens, 538 F.2d at 1389. Accordingly, the

---

[3] Sae-A objects to the declarations of Kwan B. Lee and James H. Park submitted by plaintiff in opposition to Sae-A's motion on the grounds that they were untimely submitted. Sae-A further objects to the Lee Declaration on the grounds that it lacks authenticity. The Court overrules Sae-A's objections, and will consider both declarations. Furthermore, the Court denies as moot Sae-A's objections that certain statements in the Lee Declaration lack foundation and are irrelevant because the Court does not rely on the evidence to which those objections address.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-6972 CAS (PJWx) | Date | January 26, 2011 |
|---|---|---|---|
| Title | UNIVERSAL SURFACE TECHNOLOGY, INC., DBA TRENDY EMBELLISHMENT v. SAE-A TRADING AMERICA CORPORATION; ET AL. | | |

Court QUASHES service on Sae-A.[4]

## III.   SAE-A AMERICA AND OCEN'S MOTION TO DISMISS

### A.   Legal Standard

A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in a complaint.  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  "Factual allegations must be enough to raise a right to relief above the speculative level."  Id.  Stated differently, only a complaint that states a claim for relief that is "plausible on its face" survives a motion to dismiss.  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009) (quoting Twombly, 550 U.S. at 570). "The plausibility standard is not akin to the 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  Id.

In considering a motion pursuant to Fed. R. Civ. P. 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them.  Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998).  The complaint must be read in the light most favorable to the nonmoving party.  Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995).  However, a court need not accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual allegations.  Sprewell, 266 F.3d at 988; W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

---

[4] Sae-A also moves to dismiss for lack of personal jurisdiction.  Because the Court has quashed service on Sae-A, and the Court does not have jurisdiction over a defendant unless the defendant has been properly served, the Court declines to consider whether Sae-A is subject to personal jurisdiction in California.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-6972 CAS (PJWx) | Date | January 26, 2011 |
|---|---|---|---|
| Title | UNIVERSAL SURFACE TECHNOLOGY, INC., DBA TRENDY EMBELLISHMENT v. SAE-A TRADING AMERICA CORPORATION; ET AL. | | |

Dismissal pursuant to Rule 12(b)(6) is proper only where there is either a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pac. Police Dept., 901 F.2d 696, 699 (9th Cir. 1990).

Furthermore, unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

For all of these reasons, it is only under extraordinary circumstances that dismissal is proper under Rule 12(b)(6). United States v. City of Redwood City, 640 F.2d 963, 966 (9th Cir. 1981).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

**B.     Discussion**

Sae-A America and Ocen argue that plaintiff's complaint fails to state a claim for copyright infringement because it is unclear who the copyright owner is, what copyrights are at issue, or whether plaintiff has standing to bring suit. Mot. at 6. Moreover, Sae-A and Ocen argue that there are no alleged facts indicating what acts by which defendants constitute the alleged infringement. Id. Defendants argue that they cannot determine who owns the copyrights at issue, and in turn, who has standing to sue, because the complaint alternatively characterizes plaintiff as the assignee of copyrights owned by Lee

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-6972 CAS (PJWx) | Date | January 26, 2011 |
|---|---|---|---|
| Title | UNIVERSAL SURFACE TECHNOLOGY, INC., DBA TRENDY EMBELLISHMENT v. SAE-A TRADING AMERICA CORPORATION; ET AL. | | |

and as a licensee. Id. at 3–4 (citing Complaint ¶¶ 10, 16). Defendants further assert that they do not know which copyrights are at issue because Exhibit A to the Complaint lists 82 registered copyrights. Id. at 3 (citing Complaint, Ex. A). Defendants contend that plaintiff fails to allege sufficient facts to put them on notice of the alleged wrongful acts because the complaint alleges only that defendants "have infringed, and continue to infringe plaintiff's exclusive copyrights by reproducing, preparing derivative works of, and distributing infringing copies of" plaintiff's copyright. Id. at 4 (quoting Complaint ¶ 16).

Defendants further assert that plaintiff's second through sixth claims for relief are preempted by section 301(a) of the Copyright Act because the claims are equivalent to plaintiff's copyright infringement claim and do not require plaintiff to prove any extra element.[5] Id. at 6–9 (citing 3 Paul Goldstein, Goldstein on Copyright, § 17.2.1. at 17:9 (3d ed. 2011); 1 Melville B. Nimmer & David Nimmer, Nimmer on Copyright, § 1.01[B][1] (2010); Valente-Kritzer Video v. Pinckney, 881 F.2d 772, 776 (9th Cir. 1989); Del Madera Props. v. Rhodes & Gardner, Inc., 820 F.2d 973, 977 (9th Cir. 1987)). Defendants argue that plaintiff's second claim for declaratory relief is preempted by the Copyright Act because a declaration that plaintiff owns the copyright at issue does not require proof of an extra element beyond those required to prove copyright infringement. Id. at 7. Defendants argue that plaintiff's remaining claims for violation of California's unfair competition law, interference with prospective economic advantage, unjust enrichment, and accounting are preempted because those claims all arise from the

---

[5] Section 301(a) provides, in relevant part:

all legal or equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright as specified by section 106 . . . and come within the subject matter of copyright as specified by sections 102 and 103 . . . are governed exclusively by this title. Thereafter, no person is entitled to any such right or equivalent right in any such work under the common law or statutes of any State.

17 U.S.C. § 301(a).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-6972 CAS (PJWx) | Date | January 26, 2011 |
|---|---|---|---|
| Title | UNIVERSAL SURFACE TECHNOLOGY, INC., DBA TRENDY EMBELLISHMENT v. SAE-A TRADING AMERICA CORPORATION; ET AL. | | |

allegation of copyright infringement.  Id. at 7–9 (citing Complaint ¶¶ 27, 31–33, 37).[6]

Plaintiff responds that its claims are adequately pled under notice pleading standards.  Opp'n at 5–6.  Plaintiff attempts to clarify that the first and second claims allege copyright infringement and declaratory relief under federal law, and that the third through sixth claims allege "palming off" under state law.  Id. at 6–10.  Plaintiff argues that the complaint states a claim for copyright infringement because it alleges that certain identified copyrights are used under right by plaintiff, and that defendants have infringed upon those copyrights.  Id. at 6–7.  Plaintiff asserts that the declaratory relief claim is not preempted because it arises under federal law.  Id. at 7–8 (citing Sportsman's Warehouse, Inc. v. Fair, 576 F. Supp. 2d 1175 (D. Colo. 2008)).  According to plaintiff, the remaining claims are not preempted because the allegation underpinning those claims is that defendants have "palmed off" their products as plaintiff's.  Id. at 8–9 (citing Complaint ¶ 27; Balboa Ins. Co. v. Trans Global Equities, 218 Cal. App. 3d 1327, 1341 (1990)).

In their reply, defendants repeat the argument that plaintiff fails to allege sufficient facts to establish a claim for copyright infringement.  Reply at 2–3.  Defendants argue that plaintiff has not shown that a plaintiff asserting a claim for copyright infringement may also seek a declaration of copyright ownership.  Id. at 4.  Defendants contend that plaintiff's citation to Sportsman's Warehouse is unavailing because that case involved a plaintiff seeking a declaration that it was not infringing on defendant's copyright.  Id. (citing Sportsman's Warehouse, 576 F. Supp. 2d at 1183).  Defendants further reply that plaintiff's claims based on purported "palming off" are not properly pled because plaintiff does not allege that any palming off has actually occurred.  Id. at 4–5.  Defendants further argue that plaintiff has failed to allege that any of the copyrights at issue are trademarks, and absent a valid trademark, plaintiff cannot assert a claim based on an "intent to palm off."  Id. at 5.

---

[6] Defendants acknowledge that plaintiff alleges that defendants acted with the intent to palm off their goods as those of plaintiff's, but interpret the complaint as merely alleging that defendants engaged in unspecified acts of copyright infringement with the "intent" to cause trademark infringement.  Id. at 8.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-6972 CAS (PJWx) | Date | January 26, 2011 |
|---|---|---|---|
| Title | UNIVERSAL SURFACE TECHNOLOGY, INC., DBA TRENDY EMBELLISHMENT v. SAE-A TRADING AMERICA CORPORATION; ET AL. | | |

The Court finds that plaintiff's complaint does not state a claim for relief. The complaint fails to establish that plaintiff has standing to assert claims arising from the alleged copyright infringement. Under the Copyright Act, only "[t]he legal or beneficial owner of an exclusive right under a copyright is entitled . . . to institute an action for any infringement of that particular right committed while he or she is the owner of it." 17 U.S.C. § 501(b); see also Silvers v. Sony Pictures Entm't, Inc., 402 F.3d 881, 884–85 (9th Cir. 2005). The complaint's alternative characterizations of plaintiff as the assignee and licensee of copyrights owned by Lee does not demonstrate that plaintiff has standing to sue for infringement of the copyrights at issue. Even if plaintiff had standing, the complaint alleges no facts indicating what acts constitute the alleged infringement, and which copyrights have allegedly been infringed. Rather, the complaint only contains the conclusory allegation that defendants "have infringed, and continue to infringe plaintiff's exclusive copyrights by reproducing, preparing derivative works of, and distributing infringing copies of" plaintiff's copyright. See Complaint ¶ 16. Such an allegation, without more, does not satisfy "plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief,'" which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." See Twombly, 550 U.S. at 555. To the extent plaintiff alleges state law claims arising from the allegation that defendants acted with the intent to "palm off" their goods as plaintiff's, such claims are not necessarily preempted by the Copyright Act.[7] See Summit Mach. Tool Mfg. Corp. v. Victor CNC Sys., Inc., 7 F.3d 1434, 1441 (9th Cir. 1993). However, dismissal is warranted for plaintiff's state law claims because the complaint does not allege any facts regarding how defendants passed off their products as plaintiff's or how the public is misled into thinking that defendants' products are plaintiff's products. Accordingly, the Court DISMISSES plaintiff's complaint in its entirety without prejudice.

**IV. CONCLUSION**

In accordance with the foregoing, the Court hereby QUASHES service on Sae-A

---

[7] "Passing off (or palming off, as it is sometimes called) occurs when a producer misrepresents his own goods or services as someone else's." Dastar Corp. v. Twentieth Century Fox Film Corp., 539 U.S. 23, 28 n.1 (2003).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-6972 CAS (PJWx) | Date | January 26, 2011 |
|----------|----------------------|------|------------------|
| Title | UNIVERSAL SURFACE TECHNOLOGY, INC., DBA TRENDY EMBELLISHMENT v. SAE-A TRADING AMERICA CORPORATION; ET AL. | | |

pursuant to Fed. R. Civ. P. 12(b)(5) and GRANTS Sae-A America and Ocen's motion to dismiss plaintiff's complaint in its entirety pursuant to Fed. R. Civ. P. 12(b)(6) without prejudice.  Plaintiff shall file an amended complaint within **thirty (30) days** after the filing of this order.  In the event that plaintiff does not amend its complaint within **thirty (30) days**, the Court will dismiss this action with prejudice.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|--|----|---|-----|
| Initials of Preparer | | CMJ | |