UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-6972 CAS (PJWx) | Date | November 23, 2011 |
|---|---|---|---|
| Title | UNIVERSAL SURFACE TECHNOLOGY, INC V. SAE-A TRADING CO. LTD. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| RITA SANCHEZ | N/A | N/A | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. | |

Attorneys Present for Plaintiffs:  Attorneys Present for Defendants:

N/A  N/A

**Proceedings:** (In Chambers:) **PLAINTIFF'S EX PARTE APPLICATION FOR VOLUNTARY DISMISSAL OF THE ACTION** (filed 11/18/11)

The Court finds this motion appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15.

**I.   INTRODUCTION AND BACKGROUND**

On September 20, 2010, plaintiff Universal Surface Technology, Inc. ("UST" or "plaintiff") filed the instant action in this Court against defendants Sae-A Trading Co. Ltd. ("Sae-A Korea"), Sae-A Trading America Corporation ("Sae-A America"), and Ocen, Inc.  Thereafter, on January 28, 2011, plaintiff filed its First Amended Complaint ("FAC") naming Sae-A Korea, Sae-A America, Ocen, and Glovia as defendants.[1]  The FAC alleges claims for copyright infringement pursuant to 17 U.S.C. § 101 et seq., reverse palming off pursuant to 15 U.S.C § 1125(a), unfair competition, unfair business practices, and false advertising in pursuant to California Business and Professions Code §§ 17200 and 17500 et seq., common law unfair competition, common law fraud, and misappropriation of trade secrets.  Dkt. No. 23.

While the instant action was pending, on January 25, 2011, defendant Glovia filed a separate action in the Los Angeles Superior Court (Glovia v. Kwan Byung Lee, et al., L.A.S.C. Case No. BC453618), accusing plaintiff and its principal, cross-defendant Kwan

---

[1] Glovia is a wholly owned subsidiary of Sae-A Korea.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-6972 CAS (PJWx) | Date | November 23, 2011 |
|---|---|---|---|
| Title | UNIVERSAL SURFACE TECHNOLOGY, INC V. SAE-A TRADING CO. LTD. | | |

Byung Lee ("Lee") of wrongdoing in relation to the same transaction which underlies the federal action. On March 15, 2011, UST and Lee cross-complained against Glovia, alleging claims for common law fraud, misappropriation of trade secrets, unfair competition pursuant to California Business and Professions Code §17200, and common law unfair competition. See Declaration of David Quinto ("Quinto Decl."), Ex. A. On August 10, 2011, counsel for UST and Lee formally offered to dismiss the federal claims with prejudice and to assign the disputed copyrights to Sae-A Korea. See Declaration of Lawrence E. Heller ("Heller Decl."), Ex. C. Counsel for UST and Lee reiterated the offer on October 17, 2011. Heller Decl. ¶ 7. On October 28, 2011, UST and Lee filed an amendment in the state court action adding defendants Sae-A Korea and Sae-A America as cross-defendants. Id. ¶ 10.

On November 4, 2011, defendants filed a motion for summary judgment as to all claims in the federal action. Rather than oppose defendants' motion, UST and Lee filed the instant ex parte application to voluntarily dismiss the federal action on November 18, 2011. UST and Lee offer to dismiss all federal claims with prejudice, to assign to defendants the disputed copyrights, and to dismiss all pendent state claims without prejudice. Defendants opposed the application on November 21, 2011. After carefully considering the parties' arguments, the Court finds and concludes as follows.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 41(a)(2) provides that when a notice of dismissal may no longer be filed and all parties will not stipulate to dismissal,

> an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication. Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

Fed. R. Civ. P. 41(a)(2). A motion for voluntary dismissal should be granted unless the defendant shows it will suffer some plain legal prejudice as a result. Westlands Water Dist v. United States Dep't of Interior, 100 F. 3d 94, 96 (9th Cir. 1996). In general, plain

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-6972 CAS (PJWx) | Date | November 23, 2011 |
|---|---|---|---|
| Title | UNIVERSAL SURFACE TECHNOLOGY, INC V. SAE-A TRADING CO. LTD. | | |

legal prejudice is shown when actual legal rights are threatened or when monetary or other burdens appear to be extreme or unreasonable. United States v. Berg, 190 F.R.D. 539, 543 (E.D. Cal. 1999). Legal prejudice is prejudice to some legal interest, claim, or argument. Westland Water Dist., 100 F. 3d at 96. Ultimately, the decision to grant a voluntary dismissal is in the discretion of the district court. Hyde & Drath v. Baker, 24 F. 3d 1162, 1169 (9th Cir. 1994).

### III.   DISCUSSION

UST and Lee contend that defendants will not be prejudiced by the voluntary dismissal of the federal action even if defendants will still be subject to the state court action. Mot. at 10–11. Specifically, UST and Lee contend that plain legal prejudice does not result from a plaintiff's tactical advantage nor from that defendants will be inconvenienced by having to defend in another forum. Id. at 10 (citing Smith v. Lenches, 263 F. 3d 972, 976 (9th Cir. 2001)). Furthermore, UST and Lee contend there cannot be any legal prejudice with respect to the federal claims which UST and Lee have offered to dismiss with prejudice, and that UST's pendent claims mirror the claims in the existing cross-complaint in the state court action such that the dismissal of the present action without prejudice as to those claims will "save substantial effort and costs." Mot. at 12.

In opposition, defendants argue that they will be prejudiced by the voluntary dismissal of the federal action. Defendants main contention is that they will suffer hardship because UST and Lee amended their state court complaint to add Sae-A Korea and Sae-America as defendants after the deadline to bring a summary judgment motion has passed and when it was too late to conduct meaningful discovery. Opp'n at 1–2.

Although mindful of the potential for conserving resources, the Court believes that allowing UST and Lee to dismiss the federal action would prejudice defendants. In reaching this determination, the Court finds particularly persuasive that defendants Sae-A Korea and Sae-A America were added to the state court action when it was already too late to notice and bring a summary judgment motion.[2] In addition, the Court believes that

---

[2] The Superior Court has ordered that the trial date cannot be continued for the purpose of allowing such a motion to be brought. See Quinto Decl., ¶ 13 and Exhibits E

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**O**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-6972 CAS (PJWx) | Date | November 23, 2011 |
|---|---|---|---|
| Title | UNIVERSAL SURFACE TECHNOLOGY, INC V. SAE-A TRADING CO. LTD. | | |

defendants would suffer legal prejudice in that they would be foreclosed from conducting meaningful discovery. Specifically, if the federal action were dismissed, defendants would not have sufficient time to propound discovery on UST and Lee in the state court action and move to compel responses should that be necessary.[3]

## IV.   CONCLUSION

In accordance with the foregoing, the Court hereby DENIES UST and Lee's ex parte application for voluntary dismissal. The hearing date for defendants' pending summary judgment motion is hereby continued from December 5, 2011 to December 12, 2011, at 10 a.m. UST and Lee are instructed to file any memorandum in opposition to defendants' motion on or before November 30, 2011. Defendants may file their reply on or before December 6, 2011.

IT IS SO ORDERED.

|  | 00 : 00 |
|---|---|
| Initials of Preparer | RS |

---

and F.

[3] The Court notes that in the present matter, defendants have moved to compel further responses to interrogatories propounded on UST and Lee regarding the nature of their allegedly misappropriated trade secrets. See Dkt. No. 73. Defendants have also moved to compel Lee to answer deposition questions regarding the purported misappropriation. See Dkt. No. 74.